UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY JAMES SIMON,

     Petitioner,

v.                                     CASE NO. 5:11-cv-248-T-23PRL

SECRETARY, Department of Corrections,

     Respondent.[1]

_____/

## O R D E R

Anthony James Simon timely[2] petitions (Doc. 3) for the writ of habeas corpus

under 28 U.S.C. § 2254 and challenges the validity of his state convictions imposed

after a *nolo contendere* plea.  The respondent opposes (Doc. 11) the application and

attaches supporting exhibits (Doc. 12, Exs. A-R) that include the transcript of the

plea colloquy and the post-conviction filings.  The respondent argues that the *nolo*

*contendere* plea bars Simon's grounds.

---

[1] Simon names the Florida Attorney General as the respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." *Rumsfield v. Padilla*, 542 U.S. 426, 435-36 (2004).  If an incarcerated petitioner challenges his confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." *Rumsfied*, 542 U.S. at 436. (citations to other authorities omitted). Because the proper respondent is the Secretary of the Florida Department of Corrections, the Florida Attorney General is dismissed.

[2] The respondent concedes the petition's timeliness under 28 U.S.C. Section 2244 (d). (Response at 6)

## FACTUAL BACKGROUND

An amended information charged Simon with the sale of cannabis within one thousand feet of a place of worship (count one), with possession of cannabis with intent to sell or deliver within one thousand feet of a place of worship (count two), and with evidence tampering (count three).[3]  (Ex. A at 128-29)  The state dismissed count one, and Simon pleaded *nolo contendere* to counts two and three in exchange for a thirty-six-months sentence.  (Ex. A at 130-34)

## Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this action.  *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  A federal court may entertain a petition for a writ of habeas corpus by a state prisoner, who claims his custody violates the "Constitution or the laws or treaties of the United States."  28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under Section 2254.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000).  Questions of state law are reviewed only to determine whether the alleged errors rendered "the entire trial fundamentally unfair." *Carrizales*, 699 F.2d at 1055.

---

[3] Exhibit O contains a full discussion of the procedural history, restatement of which is unnecessary to resolve the petition.

When a petitioner's claim raises a federal question that was adjudicated on the merits in state court, the federal court must afford a high level of deference to the state court's decision.  *See Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). With respect to a claim adjudicated on the merits in state court, habeas relief is unavailable unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003).  Because a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits, the adjudication warrants deference.  *Ferguson*, 527 F.3d at 1146; *Wright v. Sec'y Dep't of Corr.*, 278 F.3d 1245, 1253-54 (11th Cir. 2002).  *See also Peoples v. Campbell*, 377 F.3d 1208, 1227 (11th Cir. 2004), *cert. denied*, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, in the decisions of the United States Supreme Court at the time of the state court decision.  *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *see also Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends,

or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Ponticelli v. Sec'y Dep't of Corr.*, 690 F.2d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, a state court's conclusion is not contrary to, or an unreasonable application of, "clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003).

A state court decision may be "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only (1) if the state court applies a rule that contradicts the governing law in Supreme Court cases or (2) if the state court, although confronting facts that are "materially indistinguishable" from those in a decision of the Supreme Court, arrives at a different result. *Brown*, 544 U.S. at 141; *Mitchell*, 540 U.S. at 15-16.  Further, a state court need not cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." *Early v. Parker*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents (1) if the state court correctly identifies the governing legal principle but applies the principle to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001), or (2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new

- 4 -

context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18.  A range of reasonable applications are possible depending upon the legal principle at issue.  *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004).  Section 2254 requires deference to the state court's decisions and affords relief only upon a showing that the state court decision is "objectively unreasonable." *Yarborough*, 541 U.S. at 665-66.

A Section 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  Where the credibility of a witness is at issue, relief is available only if the state court unreasonably credited the testimony of the witness in light of the evidence presented. *Rice v. Collins*, 546 U.S. 333, 338 (2006).  Additionally, a state court's factual finding is presumed correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Henderson*, 353 F.3d at 890-91.  This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 US 1046 (citation omitted).

## Standard for reviewing *nolo contendere* plea

A federal court reviews a state court guilty plea only for compliance with federal constitutional protections.[4]  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'"  *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (other citations omitted).  For a guilty plea to be entered knowingly and intelligently, "the defendant must have not only the mental competence to understand and appreciate the nature and *consequences* of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the *legal options and alternatives that are available*." *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (citations omitted) (emphasis in original).

Ineffective assistance of counsel may require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension.  *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea

---

[4] Review of a conviction based on a plea of *nolo contendere* is the same as a review of a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *see also Carter v. Gladish*, Case No. 8:03-cv-1194-T-17TBM, 2005 WL 1712263 *9 (M.D. Fla. 2005) (noting that under Florida law a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a guilty plea).

represents a voluntary and intelligent choice among the alternative courses of action

open to the defendant.'").  However, a knowing and voluntary guilty plea waives all

constitutional challenges to a conviction, including a claim of ineffectiveness of

counsel.  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *see also Hutchins v.*

*Sec'y Dep't of Corrections*, 273 Fed. App'x 777 (11th Cir. 2008) (affirming district

court's dismissal of a petition challenging effectiveness of counsel when the plea was

knowingly and voluntarily entered).

## Analysis

Although Simon requests an evidentiary hearing, no hearing is necessary

because Simon proffers no evidence that requires an evidentiary hearing.  *Schriro v.*

*Landrigan*, 550 U.S. 465, 473-75 (2007); *Chandler v. McDonough*, 471 F.3d 1360 (11th

Cir. 2006).  The pertinent facts of the case are fully developed in the record.  *Schriro*,

550 U.S. at 474-75; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*,

541 U.S. 1034 (2004).

Grounds one, two, and three of the petition concern claims that arose before

Simon's *nolo contendere* plea.  Specifically, grounds one and two concern Simon's

charges for possession of cannabis and evidence tampering; ground three alleges an

ineffective assistance of counsel claim related to Simon's possession of cannabis

charge.  (Doc. 1 at 5-10)  Only ground four attacks the knowing nature of Simon's

plea.  Simon asserts that he had a "lack of knowledge" about the plea agreement.

(Doc. 1 at 10)  Simon raised this claim in a motion under Rule 3.850, Florida Rule of

Criminal Procedure.  Finding that Simon knowingly entered the *nolo contendere* plea,

the state court denied the motion and stated:

> The Probable Cause Affidavit indicates that a police officer
> observed a 'hand to hand drug deal' involving Defendant,
> within approximately 215 feet of a place of worship.  Another
> officer then attempted to stop Defendant who walked away
> from the officer who saw Defendant throw some plastic bags
> containing marijuana into a wooded area.  Defendant then
> stopped and the officer retrieved the bags containing about
> 4 grams of marijuana (See Arrest Affidavit/First Appearance
> Form attached as Exhibit "A").
>
> Prior to entering his plea of no contest, Defendant signed a
> document called Waiver of Rights and Agreement to Enter Plea
> which explains the charges against the Defendant, the
> classification of those offenses, the maximum penalties for the
> offenses, and the agreed sentence.  This Agreement indicates
> that Defendant was charged with sale of cannabis within 1000
> feet of a church, a second degree felony, punishable by up to
> 15 years imprisonment and a $10,000.00 fine, possession of
> cannabis with the intent to sell within 1000 feet of a church, a
> second degree felony, punishable by up to 15 years
> imprisonment and a $10,000.00 fine, and evidence tampering, a
> third degree felony, punishable by up to 5 years imprisonment
> and a $5,000.00 fine. (A copy of the Waiver of Rights
> Agreement to Enter Plea is attached hereto as Exhibit "G.")
> Furthermore, when Defendant entered his plea of no contest to
> the Court, his attorney stated that Defendant was " . . . charged
> in Case Number 2009-CF-2322 with Count I, sale of cannabis
> within 1000 feet of a church; Count II, possession of cannabis
> with intent to sell within 1000 feet of a church; and Count III,
> "evidence tampering." (Transcript of change of plea hearing,
> pages 5 and 6, attached as Exhibit "I.") Defendant's attorney
> went on to recite the maximum penalties for those offenses; the
> agreed sentence; and the rights Defendant was waiving by
> entering the plea.  The Court then placed Defendant under oath
> and asked him if he read and understood the contents of the
> Waiver of Rights and Agreement to Enter Plea.  Defendant
> said, "Yes, sir."  (Transcript of change of plea hearing, page 7,
> attached as Exhibit "J.")
>
> Defendant was aware that he was entering a plea to possession
> of cannabis with the intent to sell within 1000 feet of a place of

- 8 -

> worship, a second degree felony, and was being sentenced to 36
> months in prison.  The charging of possession of cannabis with
> intent to sell within 100 feet of a place of worship by the State
> Attorney, instead of misdemeanor possession of cannabis, is
> within the legal authority of the State Attorney and is not illegal
> or unconstitutional.  This Court had jurisdiction in this case
> and Defendant's sentence is a legal sentence.

(Ex. O at 4-5)

The post-conviction court's determination is entitled to deference because the plea colloquy transcript confirms that the decision was not unreasonable.  (Ex. A at 160-175)  Simon completed a "waiver of rights and plea agreement form."  (Ex. A at 170, 130-34)  The trial judge took the factual basis for the plea from the probable cause affidavit.  (Ex. A at 169 (transcript), 8-9 (probable cause affidavit))  Simon was present when counsel represented that Simon was entering the plea.  (Ex. A at 170)  Simon stated under oath that (1) he discussed the case with his lawyer, (2) his lawyer explained to him all of his rights with respect to the plea, (3) he understood his prospective sentence, (4) he was not under the influence of any substance, (5) he was not coerced or threatened to enter the plea, and (6) he read his plea form.  (Ex. A at 170-72)  Simon confirmed that he believed the plea was in his best interest and that he understood his constitutional rights.  (Ex. A at 172)  Simon affirmed that he understood his *nolo contendere* plea would forever foreclose his right to appeal or challenge any of the issues – either the facts of the case or the legality of the decisions reached – except to the extent any claim was reserved in the plea agreement.  (Ex. A at 170-71)  The record shows that Simon reserved no claim.  (Ex. A at 170-73)

The record shows that Simon knowingly and voluntarily pleaded *nolo contendere* to the offenses for which he was convicted.  The petition essentially requests that the district court ignore Simon's responses during the plea colloquy. "Solemn declarations in open court carry a strong presumption of veracity" and "constitute a formidable barrier in any subsequent collateral proceeding." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Consequently, Simon's knowing and voluntary plea precludes any relief on grounds one, two, and three, which arose before the plea. Ground four is denied on the merits because the state court's decision was reasonable as evidenced by the record.  Simon understood the nature of the charges and believed it was in his best interest to enter the negotiated *nolo contendere* plea.  (Ex. A at 172)

The clerk shall dismiss the Florida Attorney General as the named respondent. Further, the clerk shall (1) enter judgment against Simon and (2) close this case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Simon is not entitled to a certificate of appealability.  A prisoner, who seeks to appeal a district court's final order denying his petition for writ of habeas corpus, has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Simon has not made the requisite showing in these circumstances. Finally, because Simon is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*. Simon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 25, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE